FILED 05 DEC '11 13:07 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

UNITED STATES OF AMERICA

v.

RICARDO GUILLEN-ALVAREZ

        Defendant

3:10-CR-374-MA
3:11-CV-70013-MA

OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
MICHELLE HOLMAN KERIN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

        Attorneys for United States

RICARDO GUILLEN-ALVAREZ
Fed. Reg. No. 72924-065
Giles W. Dalby C.F.
805 N. Avenue F
Post, TX 79356

        Defendant Pro Se

1 - OPINION AND ORDER

MARSH, Judge.

This matter is before the court on defendant's Motion (doc. 20) to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel and errors made by the court when defendant entered his guilty plea and was sentenced.  The court **DENIES** defendant's motion.

## BACKGROUND

On September 14, 2010, defendant was indicted on one count of illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a), and two counts of eluding examination in violation of 8 U.S.C. § 1325(a).

On November 3, 2010, defendant pled guilty to the eluding examination counts subject to a plea agreement in which he agreed to waive his right to appeal from the conviction and sentence on any grounds except that the sentence exceeded the statutory maximum.  Defendant also waived his right to bring a motion under 28 U.S.C. § 2255 challenging any aspect of his conviction or sentence except on the ground of ineffective assistance of counsel.  At all times, defendant was represented by counsel.

When he entered his guilty plea, defendant admitted he was a citizen of Mexico and was found in the United States twice, in November 2000 and August 2010.  Defendant waived a Presentence Report and the court sentenced him to 30 months in prison.

## DISCUSSION

### Ineffective Assistance of Defense Counsel

Defendant contends his counsel failed to: (1) Investigate the facts and identify witnesses who would have either exonerated defendant or provided him with reasonable grounds for seeking a "minimal offense of illegal reentry;" (2) file a Notice of Appeal; (3) conduct a thorough investigation of the facts, interrogate witnesses; and (4) move to suppress "frivolous evidence."

**Standards.**

A two-part test is applied to determine whether a defendant has received constitutionally deficient assistance of counsel. Strickland v. Washington, 466 U.S. 668, 678, 687 (1984). The defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. Id. See also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.), cert. denied, 513 U.S. 1001 (1994); Mak v. Blodgett, 970 F.2d 614, 618 (9th Cir. 1992), cert. denied, 507 U.S. 951 (1993).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." Mak, 970 F.2d at 618 (citing Strickland, 466 U.S. at 687-88). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at

3 - OPINION AND ORDER

the time of the assistance.  Strickland, 466 U.S. at 688.  There
is a strong presumption that counsel's assistance was adequate.
Id. at 689.

To prove prejudice, "[t]he defendant must show that there is
a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.
Id. at 694.  See also United States v. McMullen, 98 F.3d 1155,
1157 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997).  A
reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Strickland, 466 U.S. at 695.

The court need not determine whether counsel's performance
was deficient before examining the prejudice suffered by the
defendant.  Id. at 697. "If it is easier to dispose of an
ineffectiveness claim on the ground of lack of sufficient
prejudice, . . . that course should be followed."  Id.

**Analysis.**

Defendant pled guilty to the offense of illegal reentry and
waived a Presentence Report.  He acknowledged to the court that
he had read and understood the indictment and plea agreement and
admitted the essential elements of the crime with which he was
charged.  He acknowledged that by pleading guilty, he waived his
right to bring this Section 2255 Motion.  Moreover, he understood
that if the court accepted the plea agreement, it was bound to

sentence defendant to the prison term agreed to by the parties. He also expressly stated he understood the contents and consequences of his plea petition.

Nevertheless, even if defendant had not voluntarily waived his right to bring this motion because of ineffective assistance of his counsel, the motion must be denied because defendant has failed to present any evidence, including sworn affidavits or declarations, to suggest the outcome of this case would have been more favorable to him.  Moreover, the court discerns no rational basis for a more favorable outcome.

### **Alleged Court Errors**

Defendant contends that in imposing a 30-month sentence, the court erred by (1) failing to insure his plea was knowing and voluntary (2) failing to adequately evaluate the factors in 18 U.S.C. § 3553(a) in accepting the Plea Agreement and imposing sentence.

The record reflects defendant was fully advised of his rights at the time of sentencing including the fact that the sentence to be imposed was above the statutory maximum because his predicate convictions involved crimes of violence (assaults). Finally, the court explicitly considered Section 3553(a) factors in accepting the Plea Agreement and imposing the 30 months agreed-upon sentence.

**CONCLUSION**

For the reasons stated above, the court **DENIES** defendant's Motion (doc. 20) to Vacate, Correct, or Set Aside Sentence.  In accordance with 28 U.S.C. § 2253(c)(2), the court also **DENIES** the issuance of a Certificate of Appealability because defendant has failed to make a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

DATED this *5* day of December, 2011.


_____
MALCOLM F. MARSH
United States District Judge

6 - OPINION AND ORDER